WILLIAM PRYOR, Circuit Judge, concurring:
"I am not a strict constructionist, and no one ought to be...." Antonin Scalia, A Matter of Interpretation: Federal Courts and the Law 23 (Amy Gutmann ed., 1997). I join the majority opinion in full, but I write separately to explain the fundamental error of the Trusts' so-called "plain" and "unambiguous" construction of FINRA Rule 12200. Oral Argument at 16:10-15.
At oral argument, the Trusts pleaded that "you've got to look at the words," id. at 5:12-14, and I could not agree more. One of the fundamental principles of statutory interpretation is the supremacy of the text: "The words of a governing text are of paramount concern, and what they convey, in their context , is what the text means." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts § 2, at 56 (2012) (emphasis altered). But strict construction-"[a]n interpretation according to the literal meaning of the words, as contrasted with what the words denote in context according to a fair reading"-disregards this fundamental principle. Id. app. B, at 427.
What the Trusts misunderstand is that we must look at all of the words in their context . "Context is a primary determinant of meaning." Id. § 24, at 167. We look at the context because "[t]he text must be construed as a whole." Id. (emphasis omitted). "Perhaps no interpretive fault is more common than the failure to follow the whole-text canon, which calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts." Id. Strict construction sequesters the words of a text from their context. That is "one of the reasons why 'strict construction' is foolish." Id. § 30, at 192.
Suppose a rule required football coaches to arbitrate any "dispute that arises in connection with the activities of an owner of a professional football team." According to a strict constructionist, a football coach would have to arbitrate any dispute that *1191 he has with an owner, regardless of the dispute's connection to the business of the football team. For example, if an owner sold a car with a faulty transmission to a football coach, the strict constructionist would require arbitration of the dispute because it arises in connection with an activity of the owner of the team. That interpretation would be foolish because it would ignore the context. A fair reading of the rule, in its context, would lead a reasonable reader to conclude that football coaches must arbitrate disputes that arise in connection with the activities of owners, as owners of football teams . The Trusts are correct that we must look at the words of the text, but we must not ignore the context of those words.
Consider Rule 12200 in its context. Rule 12200 compels arbitration when, among other requirements, "[t]he dispute arises in connection with the business activities of the member or the associated person." FINRA Rule 12200. The Trusts' strict construction of this Rule is that an associated person must arbitrate any dispute that arises from any of his business activities-even when those business activities have nothing to do with his status as an associated person. The panel opinion correctly rejects that "crabbed reading of" the Rule. Scalia & Garner, Reading Law § 62, at 355. The correct interpretation of Rule 12200 is that arbitration is required when the dispute arises in connection with the business activities of the associated person, as an associated person .
"But you've just added language," reply the Trusts. Oral Argument at 2:49-50. To the contrary, we have ascertained the fair meaning of the text of the Rule in its context. A party becomes an associated person only because of his direct or indirect control of a FINRA member. See FINRA Rule 12100(a), (r). Absent this control over a member, that party could never be compelled to arbitrate under Rule 12200 because he would not be an associated person. The Trusts' reading of the phrase "in connection with the business activities of the ... associated person" isolates that phrase from the context of why that associated person is subject to Rule 12200 arbitration in the first place. Put in context, the fair reading of the Rule is that arbitration is required when a dispute arises "in connection with the business activities ... of the associated person," but only for the business activities connected to why that "person [is] associated with a member," FINRA Rule 12100(a)-that is, its control over the FINRA member. Arbitration is not required when a dispute arises in connection with the business activities of an associated person that are completely unrelated to any control over a FINRA member.
The fatal flaw in the Trusts' interpretation is that it is "a 'viperine' construction that kills the text" by reading the text "hyperliterally," ignoring its context. Scalia & Garner, Reading Law 40. Or as Judge Learned Hand put it, it is "a sterile literalism which loses sight of the forest for the trees." N.Y. Tr. Co. v. Comm'r of Internal Revenue , 68 F.2d 19, 20 (2d Cir. 1933) (Hand, J.). "A text should not be construed strictly"; instead, "it should be construed reasonably, to contain all that it fairly means." Scalia, A Matter of Interpretation 23.